IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAMARDEEN OGUNLEYE, #23384-077, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL NO. 3:15-CV-1202-D-BK |
| § | | |
| BUREAU OF PRISONS, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2241 was automatically referred to the United States Magistrate Judge. The Court granted Petitioner's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, the petition should be dismissed without prejudice for want of jurisdiction, as it is now moot.

**I. BACKGROUND**

On April 21, 2015, the undersigned liberally construed Petitioner's *Motion to Withdraw Lien*, filed in his federal criminal case, to seek habeas corpus relief under 28 U.S.C. § 2241. Doc. 3 at 1; Doc. 4 at 1. Petitioner claimed that restrictions imposed on his inmate trust account denied him access to funds received from his wife's estate, and that the Bureau of Prison (BOP) was denying him an opportunity to make a payment plan under the Inmate Financial Responsibility Program (IFRP) to pay the restitution ordered in his criminal case. Doc. 4 at 1; Doc. 5 at 5 (*Amended Habeas Petition* filed May 8, 2015). Shortly thereafter, the government filed in his criminal case a *Motion for Turnover Order*, which the Court granted on June 23, 2015, directing the BOP to submit all funds held in Petitioner's inmate trust account to the Clerk of the Court as payment toward the criminal monetary penalties imposed in his criminal case.

*See United States v. Ogunleye*, No. 3:14-CR-028-D (N.D. Tex.); Crim. Doc. 100, Crim. Doc. 102, *appeal dismissed under Anders v. California*,[1] No. 15-10830 (5th Cir. Mar. 21, 2016); Crim. Doc. 114.[2]

## II. ANALYSIS

At the outset, the Court must examine whether it continues to have jurisdiction over the instant action. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

In the case *sub judice*, the June 23, 2015 *Turnover Order* renders moot the relief sought in this habeas corpus action. The *Turnover Order* directed the BOP to turn over to the Clerk of the Court the funds received from Petitioner's wife's estate (which were initially deposited in Petitioner's inmate trust account), to be applied toward the monetary penalties imposed in the criminal judgment. As Petitioner's complaint in the instant action concerned his lack of access

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] At the time of filing this habeas action, Petitioner was incarcerated at FCI Seagoville. He has since been transferred to FCI Big Spring. *See* Pleadings filed in Cause No. 3:15-cv-03735-D-BK.

to those funds to satisfy his restitution obligation, the issues raised by his habeas petition are "no longer live."  *Geraghty*, 445 U.S. at 396

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction due to mootness.

SIGNED May 4, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE